IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br>     FLOYD ROBINSON, ) <br> ) <br>               Petitioner, ) <br> v. ) <br> ) <br> SALVADOR GODINEZ, Director, ) <br>     Illinois Department of Corrections, ) <br> ) <br>               Respondent. ) | No. 10 CV 6948 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Pro se petitioner Floyd Robinson[1] has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the habeas petition is denied, and the court declines to issue a certificate of appealability.

## BACKGROUND

Petitioner was charged by indictment with retail theft for stealing merchandise from J.C. Penney and with battery against a J.C. Penney loss prevention officer, Christopher Milsap. At petitioner's trial, Milsap testified as follows (as summarized by the Illinois Appellate Court, Rule

---

[1] At the time he filed the instant petition, petitioner was incarcerated at Pickneyville Correctional Center, and he appropriately named Pickneyville's warden, Randy Davis, as respondent. On September 27, 2011, petitioner filed a "motion of advisement to change of address," indicating that his new address was 700 N. 5th Street in Belleville, Illinois—the address of St. Clair County Jail. An Illinois Department of Corrections offender search performed on April 3, 2012, indicates that petitioner is now serving a term of mandatory supervised release. Because "[t]he [Illinois] Department of Corrections retains custody of [petitioner] during the period of mandatory supervised release he presently is serving," the current Director of the Illinois Department of Corrections, Salvador Godinez, is substituted as respondent. Schaff v. Snyder, 190 F.3d 513, 513 n.* (7th Cir. 1999). See 28 U.S.C. § 2242; 730 ILCS 5/3-14-2 ("The Department shall retain custody of all persons placed on parole or mandatory supervised release . . . ."); Bridge v. Chambers, 425 F.3d 1048, 1049 (7th Cir. 2005) ("A federal habeas corpus action brought by a state prisoner must name as the respondent the state officer who has custody of the petitioner.") (internal quotation marks omitted).

23 Order, People v. Robinson, Nos. 3-08-0025 and 3-08-0269, at 2-3 (cons.) (Ill. App. Ct. Aug. 17, 2009)):

> In the early afternoon on February 16, 2006, he was on duty at J.C. Penney and noticed [petitioner] in the store. Milsap saw [petitioner] go to the women's dress department and look up for cameras, which is a 'telltale sign of nervousness.' Next, [petitioner] went to the men's suit department. There, [petitioner] checked a few price tags and selected two suits. [Petitioner] took the suits to the men's big and tall department, removed two bags from his coat pocket, a green Marshall Field's bag and a white Steve & Barry's bag. [Petitioner] placed the suits in one of the bags. When he saw this, Milsap radioed the store manager, Mark Strand, for assistance. [Petitioner] then moved to the men's shirt area, where he picked up three shirts and two ties and placed them in his other bag. [Petitioner] headed toward the direction of the mall doors and entered the mall promenade.
>
> Milsap and Strand followed [petitioner] into the mall promenade toward the mall exit doors. Before [petitioner] reached the doors, Milsap approached him, displayed his J.C. Penney loss prevention badge, and said, 'Excuse me. I'm with J.C. Penney loss prevention. I would like to talk to you about the merchandise you have.' [Petitioner] responded, 'no,' pushed Milsap into a wall and started running. Milsap followed [petitioner] into the parking lot. In the parking lot, [petitioner] 'basically ran into' an off-duty 'cop.' When [petitioner] questioned Milsap at trial about the off-duty officer's identity, Milsap responded, 'We didn't get his name.' . . . .
>
> After [petitioner] had 'a little tussle' with the off-duty policeman, Milsap handcuffed [petitioner]. He then took him and his bags to the J.C. Penney loss prevention area and took inventory of the contents of the bags. The only items in the bags were the two suits, three shirts and two ties Milsap saw [petitioner] place in them. Milsap took photographs of the items and assisted in generating a receipt, which showed that the items had a total value of $864.50.

The prosecution also offered the testimony of Police Officer Lionel Allen, who, as summarized by the Illinois Appellate Court, id. at 3, testified to the following:

> [Allen] responded to J.C. Penney in the afternoon of February 16, 2006. When he arrived, he went to the J.C. Penney security office, where he met [petitioner] and Milsap. He asked Milsap to take a photograph of the articles of clothing [petitioner] had in his bags for evidentiary purposes. Allen then spoke to [petitioner], who was evasive and refused to provide his name. Later, at the police station, [petitioner] identified himself.

2

On June 1, 2006, a jury convicted petitioner on both counts. Petitioner was sentenced to 10 years' imprisonment for the retail theft conviction and 361 days' imprisonment for the battery conviction, to be served concurrently. Id. at 4. Petitioner appealed, raising two issues—whether the trial court erred in admitting his prior convictions for violent crimes as impeachment, and whether he was improperly impeached with information regarding his post-arrest statements to Milsap and Officer Allen—neither of which is relevant to the instant petition. Rule 23 Order, People v. Robinson, Nos. 3-06-0687 and 3-07-0244, at 1 (Ill. App. 3d Dist. July 16, 2008); see also Pet. Br., People v. Robinson, Nos. 3-06-0687 and 3-07-0244 (cons.) (filed Nov. 20, 2007); Pet. Reply Br., Nos. 3-06-0687 and 3-07-0244 (cons.) (filed Jan. 3, 2008). The Illinois Appellate Court affirmed. Rule 23 Order, People v. Robinson, Nos. 3-06-0687 and 3-07-0244 (Ill. App. 3d Dist. July 16, 2008). Respondent states, and petitioner does not contest, that petitioner did not file a petition for leave to appeal ("PLA") on direct appeal.

In addition to his direct appeal, petitioner filed a petition for postconviction relief, raising five claims relevant to the instant petition:

(A)   Milsap and Allen provided perjured testimony;

(B)   the prosecution knowingly presented and failed to correct that false testimony;

(C)   the prosecution knowingly withheld evidence regarding the video cameras in the store and the police station, and Allen's police report;

(D)   the prosecution presented insufficient evidence to sustain petitioner's conviction; and

(E)   newly discovered evidence (the video cameras in the store) showed that Milsap and Allen provided perjured testimony.

3

Petition for Postconviction Relief, People v. Robinson, No. 06-CF-430 (filed Sept. 24, 2007). The trial court dismissed the petition. See Rule 23 Order, People v. Robinson, Nos. 3-08-0025 and 3-08-0269, at 1 (cons.) (Ill. App. 3d Dist. Aug. 17, 2009).

Petitioner appealed the trial court's denial of his postconviction petition. That appeal was consolidated with petitioner's appeal from the denial of a petition for post-judgment relief, in which petitioner had raised the same perjured testimony claims. See Rule 23 Order, People v. Robinson, No. 06-CF-430, at 1 (Ill. App. 3d Dist. Aug. 12, 2010). This consolidated appeal raised one claim relevant to the instant petition: that the prosecution had violated petitioner's due process rights when it knowingly presented Milsap's false testimony. See Pet. Br., People v. Robinson, Nos. 3-08-0025 and 3-08-0269 (cons.); Pet. Reply Br., People v. Robinson, Nos. 3-08-0025 and 3-08-0269 (cons.). The Illinois Appellate Court affirmed, finding that petitioner had not presented any evidence that Milsap's testimony was false, and that regardless, due to the "overwhelming" evidence against him, petitioner could not establish that the allegedly false testimony affected the trial's outcome. Rule 23 Order, People v. Robinson, Nos. 3-08-0025 and 3-08-0269, at 7-8 (cons.) (Ill. App. 3d Dist. Aug. 17, 2009).

Petitioner filed another PLA, People v. Robinson, No. 109128, which raised five claims relevant to the instant petition:

(1) the prosecution knowingly presented Milsap's and Allen's false testimony;

(2) the prosecution withheld evidence that the police officer was Milsap's brother and evidence regarding the surveillance cameras in the store and at the police station;

(3) petitioner's direct appeal counsel was ineffective for failing to raise his false testimony claims;

4

(4) the prosecution presented insufficient evidence to sustain his conviction; and

(5) newly discovered evidence showed that Milsap had committed perjury.

The Illinois Supreme Court denied the PLA. Order Denying PLA, People v. Robinson, No. 109128 (Ill. Nov. 25, 2009).

In June 2008, petitioner filed a second petition for postconviction relief (raising no issues relevant to the instant petition), and moved for leave to file it as a successive petition. Petition for Postconviction Relief, People v. Robinson, No. 06-CF-430 (filed June 16, 2008); Motion for Leave to File a Successive Postconviction Petition, People v. Robinson, No. 06-CF-430 (filed Aug. 18, 2008).[2] The trial court denied petitioner's motion for leave to file a second postconviction petition. See Rule 23 Order, People v. Robinson, No. 06-CF-430, at 2 (Ill. App. 3d Dist. Aug. 12, 2010). Petitioner appealed, and his counsel moved to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). The Illinois Appellate Court granted counsel's motion and affirmed the trial court's judgment. See Rule 23 Order, People v. Robinson, No. 06-CF-430, at 2 (Ill. App. 3d Dist. Aug. 12, 2010).

In September 2008, petitioner filed a motion for leave to file a third successive petition for postconviction relief, which the trial court denied. Petition for Postconviction Relief, People v. Robinson, No. 06-CF-430 (filed Sept. 22, 2008); Motion for Leave to File a Successive Postconviction Petition, People v. Robinson, No. 06-CF-430 (filed Sept. 22, 2008); see Rule 23

---

[2] Petitioner also filed a motion requesting that a different judge hear his second postconviction petition, arguing that the trial judge had dismissed all of his prior pro se motions and harbored ill will toward him because he had received an extended-term sentence. See Rule 23 Order, People v. Robinson, No. 3-08-0693 (Ill. App. 3d Dist. May 8, 2009). A different judge heard his motion to substitute and denied it. Id. at 2.

Order, People v. Robinson, No. 06-CF-430, at 2 (Ill. App. 3d Dist. Aug. 12, 2010).  Petitioner moved to reconsider, and the court also denied that motion.  See id.

In October 2008, petitioner filed a petition for relief from judgment pursuant to 735 Ill. Comp. Stat. 5/2-1401.  The trial court denied this petition as well, and denied petitioner's motion to reconsider.  See Rule 23 Order, People v. Robinson, No. 06-CF-430, at 2 (Ill. App. 3d Dist. Aug. 12, 2010).  Petitioner appealed, and the Illinois Appellate Court appointed the State Appellate Defender to represent petitioner.  Id.  Petitioner's appointed appellate counsel filed a Finley motion, and petitioner filed a motion requesting new counsel.  The Illinois Appellate Court denied petitioner's motion for new counsel, granted counsel's Finley motion, and affirmed the trial court's judgment.  Id. at 3; see id. at 2.

In December 2010, petitioner filed a PLA, requesting leave to appeal the Appellate Court's judgment granting the Finley motion.  The Illinois Supreme Court denied that PLA, Order Denying PLA, People v. Robinson, No. 111484 (Ill. Jan. 26, 2011), which had raised six claims relevant to the instant petition:

(1) direct appeal counsel was ineffective for failing to raise the false-testimony claims;

(2) Milsap and Allen had given perjured testimony;

(3) newly discovered evidence showed that Milsap and Allen had committed perjury;

(4) the prosecution offered and failed to correct Milsap's and Allen's false testimony;

(5) the prosecution withheld evidence; and

(6) the prosecution had presented insufficient evidence to sustain petitioner's convictions.

Petitioner had also filed, in September 2009, a motion for leave to file a fourth postconviction petition, raising one issue relevant to the instant petition: that direct appeal counsel was ineffective for failing to raise the false-testimony and sufficiency-of-the-evidence claims. Motion for Leave to File a Successive Postconviction Petition, People v. Robinson, No. 06-CF-430 (filed Sept. 11, 2009); Petition for Postconviction Relief, People v. Robinson, No. 06-CF-430 (filed Aug. 30, 2009). The trial court denied petitioner's request to file that successive petition, and petitioner appealed. The Illinois Appellate Defender was again appointed to represent petitioner, and counsel moved to withdraw pursuant to Finley. Motion to Withdraw, People v. Robinson, Nos. 3-09-0894 and 3-09-0898 (cons.) (filed May 21, 2010). The Illinois Appellate Court granted counsel's Finley motion and affirmed the trial court's denial of petitioner's "various motions regarding successive postconviction petitions." Rule 23 Order, People v. Robinson, Nos. 3-09-0894 and 3-09-0898 (cons.), at 2 (Ill. App. 3d Dist. 2010). Respondent states, and petitioner does not dispute, that petitioner did not file a PLA from this judgment.

On October 28, 2010, petitioner filed the instant petition for a writ of habeas corpus, raising six claims[3]:

(1) petitioner was deprived of due process because Milsap and Allen gave perjured testimony, which the prosecution intentionally solicited and failed to correct, and the falsity of which the judge ignored;[4]

---

[3] Petitioner states that he has twelve claims, but in numbering his claims, he has skipped number five, resulting in a total of eleven claims. Further, because several of these claims are redundant or closely related, the court has consolidated them for purposes of its review.

[4] Petitioner lists as his second claim a contention that the prosecution failed to correct the perjured testimony; his eighth claim is that the judge ignored the falsity of that testimony. Also,
(continued...)

(2) petitioner was deprived of due process when the prosecution withheld evidence (regarding the surveillance video cameras in the store and in the police station, Officer Allen's police report, and the grand jury transcript) that would have shown that the testimony was perjured;[5]

(3) the prosecution presented insufficient evidence to sustain petitioner's conviction for retail theft;[6]

(4) the trial court failed to "protect the record" by failing to include Milsap and Allen's earlier testimony in the trial transcript;

(5) direct appeal counsel was ineffective for failing to raise the false-testimony issues; and

(6) the Illinois Supreme Court erred in denying petitioner leave to appeal.

## DISCUSSION

**I.    Petitioner's Claims**

Because petitioner failed to raise most of the facets of his first claim (regarding the allegedly false testimony of Milsap and Allen) and the entirety of his second claim (regarding the state's allegedly withholding evidence) through one complete round of state court review, those claims are procedurally defaulted. 28 U.S.C. § 2254(b) (requiring exhaustion of state

---

[4](...continued)
part of petitioner's third claim is that the prosecution intentionally solicited perjured testimony and failed to correct it. Petitioner further lists as "ground ten" that he was denied due process of law due to the false testimony. The court will consider these as one claim.

[5] Petitioner lists as "ground six" of his petition that "the state withheld evidence," and as part of "ground ten" that he was denied due process because of the withheld evidence. The court will consider that claim along with the substantially similar third claim.

[6] Petitioner also lists, as his "ground seven," that the "State failed to prove its case" and elaborates that the prosecution's "case was weak and the State had to resort to prosecutorial misconduct to obtain a conviction." The court considers these claims along with the fourth claim.

remedies); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Guest v. McCann, 474 F.3d 926, 929 (7th Cir. 2007).

Petitioner raised these claims in his first postconviction petition, but failed to raise them when he appealed the denial of that petition and when he filed the ensuing PLA. He also raised the claims in appealing from the denial of leave to file his third postconviction petition and the resulting PLA, but he had not raised them in the third postconviction petition itself. To preserve this claim for federal habeas review, petitioner "was required to raise the claim at each level of state court review; in his initial post-conviction petition, in his appeal to the Illinois Appellate Court, and in his Petition for Leave to Appeal (PLA) to the Illinois Supreme Court." Smith v. Gaetz, 565 F.3d 346, 352 (7th Cir. 2009). Because these claims were thus never raised through one complete round of state court review, they are now procedurally defaulted. See Guest, 474 F.3d at 930.

One element of petitioner's first claim—that the prosecution offered false testimony from Milsap—is not procedurally defaulted, but it nonetheless fails on the merits. In his first postconviction petition, petitioner alleged that Milsap committed perjury when he testified that he did not know the man who helped apprehend petitioner, and when he testified that the man was a police officer. Petitioner claimed that while incarcerated at Stateville Correctional Center, he learned that this man was in fact Milsap's brother, who was a security guard, not a police officer. In affirming the trial court's dismissal of this petition, the Illinois Appellate Court found that dismissal was proper because petitioner "fail[ed] to provide any evidence to support his allegations that Milsap testified falsely." Rule 23 Order, People v. Robinson, Nos. 3-08-0025 and 3-08-0269, at 7 (cons.) (Ill. App. Ct. Aug. 17, 2009). Respondent suggests, however, that

9

this may have been incorrect, because petitioner did provide some evidence—his own affidavit, stating that he "learned from two guards at Stateville Prison that Christopher and Andre Milsap are blood brothers."

But the Illinois Appellate Court also found that, in any event, the claim was properly dismissed because petitioner "could not establish that the allegedly false testimony may have affected the outcome of his trial" due to the "overwhelming" evidence against him. Rule 23 Order, People v. Robinson, Nos. 3-08-0025 and 3-08-0269, at 7 (cons.) (Ill. App. Ct. Aug. 17, 2009). This decision was not contrary to or an unreasonable application of Napue v. Illinois, 360 U.S. 264 (1959), in which the Supreme Court held that a knowing use of false testimony violates a defendant's due process rights. To obtain relief, a petitioner must demonstrate a reasonable likelihood that the outcome of the trial would have been different without the alleged false testimony. United States v. Williams, 81 F.3d 1434, 1438 (7th Cir. 1996). In the instant case, the Illinois Appellate Court explained that even without Milsap's testimony, the evidence showed that petitioner "had in his possession seven articles of clothing from J.C. Penney in bags from other stores for which [he] did not have a receipt or any proof of purchase. When confronted about the merchandise, [petitioner] became aggressive and fled. When questioned by police, [petitioner] was evasive and refused to provide his name." Rule 23 Order, People v. Robinson, Nos. 3-08-0025 and 3-08-0269, at 8 (cons.) (Ill. App. Ct. Aug. 17, 2009). In light of this evidence, the Illinois Appellate Court reasoned, it was far from likely that petitioner would have been acquitted if Milsap had instead testified that the man who helped him apprehend petitioner was Milsap's brother (and a security officer rather than a police officer). Id. ("We find it highly improbable that the jury would have set aside all of the evidence against [petitioner]

10

simply because Milsap did not disclose that his brother assisted him in apprehending [petitioner]."). Because this reasoning was not unreasonable or contrary to established precedent, petitioner's claim regarding Milsap's allegedly false testimony fails on the merits.

Petitioner's third claim—that there was insufficient evidence to sustain his convictions—is also procedurally defaulted for failure to be raised in one complete round of state court review. In addition to generally arguing that the prosecution's (alleged) need "to resort to prosecutorial misconduct" demonstrates the weakness of its case, petitioner specifically contends that the state failed to offer evidence of missing merchandise. But he did not raise these issues through one round of state court review. Although he raised this claim in his first postconviction petition (and in the PLA that resulted), he did not include it in his appeal of the trial court's denial of the first postconviction petition. He also raised this claim in the PLA from the Illinois Appellate Court's denial of leave to file his third postconviction petition, but raising a claim in a discretionary petition for leave to appeal does not suffice to avoid procedural default. See Castille v. Peoples, 489 U.S. 346, 351 (1989).

Petitioner's fourth and sixth claims (that the trial court "failed to protect the record" and the Illinois Supreme Court failed to grant his PLAs) were not raised in any of petitioner's state court proceedings. They are therefore procedurally defaulted as well. See Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004).

Finally, petitioner's fifth claim—that his direct appeal counsel was ineffective for failing to raise the perjured testimony claims—is also procedurally defaulted, because the Illinois Appellate Court resolved it on independent and adequate state-law grounds. "[W]hen a state

court declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement," the independent and adequate state ground doctrine bars federal habeas review of those claims. See Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002). Here, petitioner raised this claim in his third postconviction petition (and in his motion for leave to file it), but the trial court denied petitioner's motion for leave to file that petition, and the Illinois Appellate Court affirmed. In Illinois, any constitutional claim not raised in an original postconviction petition is waived. 725 Ill. Comp. Stat. 5/122-3. A petitioner may file a successive postconviction petition only if he can establish cause and prejudice. 725 Ill. Comp. Stat. 5/122-1(f). The Illinois Appellate Court found that the successive petition, which raised a constitutional claim not mentioned in the previous postconviction petitions, was "properly denied." Rule 23 Order, People v. Robinson, No. 06-CF-430, at 3 (Ill. App. 3d Dist. Aug. 12, 2010); see Woods v. Schwartz, 589 F.3d 368 (7th Cir. 2009) ("[W]hen a state refuses to adjudicate a petitioner's federal claims because they were not raised in accord with the state's procedural rules, that will normally qualify as an independent and adequate state ground for denying federal review.") (citations omitted).

When, as here, claims are procedurally defaulted, they cannot be raised on federal habeas review "unless the petitioner can demonstrate both cause and prejudice from the default or that a miscarriage of justice will occur" if the court does not consider the claims. Woods, 589 F.3d at 373. No grounds exist for excusing petitioner's procedural default. To demonstrate cause and prejudice, the petitioner must show that an "objective factor external to the defense impeded [petitioner's] counsel's efforts to comply with the State's procedural rule," such as: "(1) interference by officials that makes compliance . . . . impractical; (2) constitutionally ineffective

12

assistance of counsel; [or] (3) a showing that the factual or legal basis for a claim was not reasonably available to counsel." Guest, 474 F.3d at 929 (internal quotations omitted). Petitioner, however, has not attempted to show—nor, as the record reflects, could he show—cause for failing to raise his claims through a complete round of state court review. As for a miscarriage of justice, a petitioner must "present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." Dellinger v. Bowen, 301 F.3d 758, 767 (7th Cir. 2002). But here, there was, as discussed above, a great deal of evidence against petitioner at his trial. Therefore, petitioner cannot show that no reasonable juror would have convicted him but for these errors.

## II.     Certificate of Appealability

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Evans v. Circuit Court of Cook County, Ill., 569 F.3d 665, 667 (7th Cir. 2009). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims—as is the case here for all petitioner's claims except for part of his false-testimony claim—a petitioner must also show that jurists could debate whether the court's procedural ruling was correct. Id. at 484-85.

Here, as explained above, petitioner's claims (except part of his first claim) are procedurally defaulted, and could not arguably have been found not to have been. As for the issue that the court decided on the merits (petitioner's claim that the prosecution knowingly offered Milsap's false testimony), petitioner has not made the requisite substantial showing that he was denied a constitutional right. Miller-El, 537 U.S. at 336; Evans v. Circuit Court of Cook County, Ill., 569 F.3d 665, 667 (7th Cir. 2009). The court therefore declines to issue a certificate of appealability on any of petitioner's claims.

## CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is denied. The court declines to issue a certificate of appealability.

**ENTER:** April 3, 2010

_____
**Robert W. Gettleman
United States District Judge**